## Johnston *versus* Parker Savings Bank.

1. A., an oil-dealer, left at his bank a check for $1,500, drawn in his favor by B. There being no funds of B. at the bank at that time, the check was left there, according to plaintiff's evidence, under an agreement of the bank-officials that they would see that it was paid out of the first unappropriated funds of B. coming in. Large sums were subsequently deposited by B., but the jury found that they were not unappropriated. This suit having been brought to enforce the liability of the bank on its alleged agreement: *Held*, that the plaintiff was not entitled to recover.

2. The plaintiff offered to show that the above transaction was the ordinary course of business of that bank with its depositors, and that this was known to plaintiff, and to all persons engaged in dealing in oil : *Held*, that the evidence was properly excluded, as it was neither an offer to prove (*a*) a special custom, nor (*b*) a special course of dealing between the bank and plaintiff.

3. Where the plaintiff's theory of a case is supported by his evidence alone, it is not error for the court to repeat in its charge several times the expression, "If you believe the evidence of the plaintiff."

December 4th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Armstrong county :* Of January Term 1882, No. 244.

Assumpsit, by D. C. Johnston against James P. Parker and twelve others, doing business as the Parker Savings Bank. Plea, non assumpsit.

On the trial, before NEALE, P. J., the following facts appeared : On November 1st 1876, one R. B. Allen borrowed from D. C. Johnston $1,500, and at the same time drew his check on the bank defendant to Johnston's order for the same amount, saying it would be good the following day. Both parties were dealers in oil. On the following day, Johnston went to the bank defendant (where he kept a deposit), and handed in the check of Allen, but was told there were no funds there to Allen's credit. He accordingly left his check and his book there, so that he should receive credit for the amount of the check, as soon as funds came in to Allen's credit: his testi-

[Johnston *v.* Parker Savings Bank.]

mony (and he was the only witness on his behalf) was that the teller or cashier promised that they would hold the check and pay it so soon as funds came in to Allen's credit, not otherwise specifically appropriated. Johnston went several times subsequently to the bank to inquire about the check, but was always informed that there were no funds. There was evidence that between November 2d and 17th Allen had deposited considerable sums to his credit in the bank. On November 17th Johnston's bank book was balanced, and Allen's check returned to him unpaid. This suit was then brought.

Plaintiff offered, in various forms, to prove that the above transaction, as to the deposit for collection of the check of Allen, between Johnston and the bank, was the usual course of business of that bank, and was known to the plaintiff and to all persons engaged in dealing in oil. This to show the liability of the bank. Objected to as irrelevant. Objection sustained. Exception.

Plaintiff requested the court to charge, inter alia, as follows:—

(1) That if they find from the evidence that the plaintiff presented the check in suit on the second day of November 1876, for payment, and that either the teller or cashier of the bank agreed to hold the check and pay it out of the first funds deposited by R. B. Allen, and not otherwise specially appropriated; that the plaintiff is entitled to recover, under the evidence in this case.

Answer. We affirm that point, if you believe the evidence of D. C. Johnston. (5th assignment of error.)

(2) That there is no evidence in the cause to show that R. B. Allen made any special appropriation of his deposited funds, proven in the case, inconsistent with the plaintiff's right.

Answer. As that point is presented it is affirmed, with the explanation that we have given to you, and you will remember in that connection the refusal of the bank to pay this check whenever they were asked to pay, by D. C. Johnston, which would be evidence that there were no funds whatever in the bank. (6th assignment of error.)

The court charged the jury, inter alia, as follows:—"If that theory, and that testimony of D. C. Johnston is correct, and its truth is entirely for you; if after that and up to the 17th of November, or about that time, there were funds received of R. B. Allen, or deposited in the bank for R. B. Allen, by any person, for him in any way, a general deposit out of which this check could have been paid, it would have been the duty of the bank to have paid the check, and if they did not do so, they would be derelict in their duty; but if the funds were afterwards deposited by R. B. Allen, and with such deposits he made special appropriation at the time, of his funds, and

.directed the payment of other checks and to other persons, to the exclusion of the payment of this check, he had the right to to do so, because he could control the payment and disbursement of his own money. He could do that; but if there was any money not appropriated in the bank, and the bank had assumed the duty of paying this check out of the funds of R. B. Allen, and they failed to do so, they would be liable."

In the charge, the court used several times the expression, "if you believe the evidence of D. C. Johnston."

Verdict and judgment for defendants, whereupon plaintiff took this writ of error, assigning for error, inter alia, the exclusion of his offers of evidence, the answers to his points, and the repetition of the above expression.

*G. S. Crosby* (*E. S. Golden* with him), for plaintiff in error. —We offered to show that the transaction in question was in the ordinary course of business. This should have been admitted, as we were entitled to act on it. The transaction was exactly in the line of those in the oil business, and it is well settled that such customs may be proven, so as to establish a right of action: McMasters *v.* P. R. R., 19 Smith 377; Sumner *v.* Stewart, Ibid. 321; Aughinbaugh *v.* Coppenheffer, 5 Smith 347; Erisman *v.* Walters, 2 Casey 467; Whitesell *v.* Crane, 8 W. & S. 369: Mcighen *v.* Bank, 1 Casey 288.

The charge of the court was, moreover, unfair to us in its tendency to throw discredit on our witness, and it was error to submit to the jury the question whether or not the large sums subsequently deposited by Allen were appropriated, there being no evidence to that effect.

*J. M. Thompson* (with him *J. P. Colter*), for defendants in error.—The holder of a check cannot maintain an action in his own name against the drawees, unless they have accepted it, even if they have sufficient funds to pay it: Saylor *v.* Bushong, 12 Weekly Notes 81; Bank *v.* Millard, 10 Wallace 152. The bank had not at all accepted the check; it was merely an agreement to do certain work which the holder usually does for himself. And as the jury has found that no funds ever came in applicable to the payment of the check, the contingency did not arise on which it was to be paid. There was no evidence to prove any special custom; the offers did not at all come up to that. And the offers could not charge us as to this defendant, for they referred solely to dealing with others; and, because we had done certain things for others, it does not follow that we must do them for all.

Mr. Justice TRUNKEY delivered the opinion of the court, December 30th 1882.

·[Johnston *v.* Parker Savings Bank.]

This action is founded ·upon ,an. alleged contract by the bank to hold and make good Allen's check for $1,500, drawn to Johnston's order, and credit Johnston with the amount thereof and charge the same to Allen as soon as Allen should have funds in the bank. And the plaintiff avers that after the delivery of said check to the bank, said Allen had unappropriated money in the bank to the amount of said check, and in violation of said agreement the said bank refused to. charge the amount of said check to Allen and place the same to the plaintiff's credit.

To maintain his suit, the plaintiff himself testified that on November 2d 1876, he put the check in the bank for collection, told the teller he wanted him to make the check good, and he said he would as soon as funds came in ; that he left the check and his bank book, and two or three times through the day he asked at the bank if there were funds, and was answered, none ; that between the 2d and 11th of November over $100,000 had been ·deposited to Allen's account, all drawn out on other checks ; and that on the 17th of November he took back the check, when his bank-book was balanced. He was the only witness called on his part and all his testimony as offered was received, except that the alleged agreement was in the usual course of business of that bank.

The teller, called by the bank, in cross-examination, said : " Q. What did he leave the check for? A. To obtain money, I suppose. Q. When the funds came into the bank? A. Certainly. Q. He didn't present the check that day to receive the money when you told him there was none there. A. No time while that check was there, there never was any funds there."

A statement of the case as presented at the trial would seem a complete vindication of the rulings of the learned judge of the common pleas. For instance, the portion of the charge made the subject of the ninth specification of error is in full accord with the plaintiff's testimony. But few of the specifications require remark.

At the outset in his argument the plaintiff says : " The question involved in the first four specifications of error is on the refusal of the court below to admit the evidence on the part of the plaintiff of the custom or usage of the banks at the city of Parker of receiving the checks of oil dealers and holding the same for future payment as soon as the drawees would deposit funds sufficient to meet them." That is the question argued, but it does not arise; for there was no offer to prove any general custom, or any special custom affecting any particular locality or trade; the offer was to prove the usual course of business or custom of that bank in dealing with its customers or persons engaged in dealing in oil, not to prove the custom or usage of the banks at the city of Parker.

It would have been admissible to prove a practice or habit of dealing between the plaintiff and defendant, on such terms and of such continuance, as to justify an inference that this transaction was on the accustomed terms. But the plaintiff showed he had no prior dealings. "Q. Mr. Johnston, state if you have had large business transactions with the bank in the purchase and sale of oil, etc., during the year 1876 and the year before? A. I had none during the year 1876 but in 1877 I had." Whether the offer that was actually made, was in chief or rebuttal, it was rightly rejected.

The plaintiff requested the court to instruct the jury, "that if they find from the evidence that the plaintiff presented the check in suit on the 2d day of November, 1876, for payment, and that either the teller or cashier of the bank agreed to hold the check and pay it out of the first funds deposited by R. B. Allen, and not otherwise specially appropriated, that the plaintiff is entitled to recover under the evidence in this case." Answer, "we affirm that point if you believe the evidence of D. C. Johnston." This is assigned for error. The plaintiff claimed upon a contract by which the bank became his agent to secure payment out of funds of the drawee, if such should be deposited, and in default, itself to be liable for the amount. His claim is for neglect to secure an unaccepted check, payment of which had been refused for want of funds of the drawer, and the evidence of the alleged broken contract rested in the plaintiff's memory alone. That the judge told the jury that the plaintiff could recover if they believed him, was no error of which he can complain. That he repeatedly told the jury that if they believed the testimony of the plaintiff he was entitled to the verdict for his claim, in such way as to induce them to carefully consider his credibility, did no wrong to him.

Nor was there error in the answer to the plaintiff's second point. Besides the matter mentioned by the court tending to show that Allen had not deposited funds subject to that check, the teller testified that there never were any funds there.

We think the case was fairly submitted to the jury. After careful consideration of the able argument of the plaintiff's counsel we are not convinced that there was such inaccuracy of statement of testimony in the charge, as misled the jury or directed their attention away from the questions of fact in dispute.

Judgment affirmed.